UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL A. ERLICH,

    Plaintiff,

v.                                      Case No.:   2:23-cv-738-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 18).  Judge Mizell recommends affirming the decision of the Commissioner of Social Security.  Plaintiff objects (Doc. 19), and Defendant's response time has elapsed, so the matter is ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  When objections are made, the district court engages in a de novo review of the issues raised.

Having examined the record, the Court overrules Plaintiff's objections and adopts Judge Mizell's conclusions.  The objections—and Plaintiff's entire appeal—focus on the weight the ALJ assigned to the opinions of Drs. Daryl and

Adam Di Dio concerning Plaintiff's mental limitations.[1] Turning first to Dr. Daryl Di Dio, a clinical neuropsychologist who treated Plaintiff for over a decade. Understandably, his treatment notes and opinions are extensive. On several instances, he observed significant deficits in Plaintiff's attention and concentration, concluding Plaintiff was "markedly" impaired in such functions. (Tr. 836).

Discounting these opinions, the ALJ explained they "are inconsistent with [Plaintiff's] treatment notes that generally do not reflect the claimant having any significant deficits in his attention or concentration."[2] (Tr. 964). In support, the ALJ cited records from other treaters observing Plaintiff displayed adequate/intact attention and concentration, was oriented as to time, place, and person, and was cooperative and alert. (Tr. 2103, 2450, 2726, 3025, 4087). Although Plaintiff challenges this finding, these treatment notes establish substantial evidence to support the conclusion. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) ("Substantial evidence is more than

---

[1] Dr. Adam Di Dio is Dr. Daryl Di Dio's son. The Court will refer to each doctor by their full name to avoid confusion.

[2] The ALJ is a bit unclear whether this inconsistency is only with Dr. Daryl Di Dio's own treatment notes or also the notes of other treaters. Because the ALJ follows this conclusion with citations to notes from other treaters, he may have intended the latter. The Report and Recommendation seems to have taken the opposite view. But Plaintiff did not object to this interpretation. Instead, he accepted the Report and Recommendation's interpretation and objected to this analysis on other grounds. Nonetheless, the Court reviews this finding de novo for substantial evidence.

a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.").

Even so, Plaintiff takes issue with the ALJ's reliance on such evidence. In his initial briefing, he argued that the ALJ "cherry-picked" the cited provisions from the record while ignoring other evidence favorable to a disability finding. (Doc. 15 at 16). Specifically, he contended:

> [I]n the very exams the ALJ cited[,] [Plaintiff] was also found to have hyperactive, agitated, and impulsive behavior, sad, irritable, labile, angry, and anxious mood with occasional panic attacks; anxious, sullen, sad, tearful, and constricted affect, as well as chronic frustration and angry, apathy, and moderate to severe sadness. The ALJ may not simply ignore these findings in favor of hyper-focusing on a single unremarkable aspect of these exams.

(Doc. 15 at 16-17). Judge Mizell, however, rejected this argument, finding Plaintiff's position was an impermissible invitation to reweigh the evidence. (Doc. 18 at 17-18).

Plaintiff argues the Report and Recommendation "accused" him of calling for a re-weighing of the evidence in an "attempt to limit the Court's review by ignoring errors in the ALJ's analysis." (Doc. 19 at 3). Not so. It correctly observed that "there is a fine line between evaluating [an ALJ's] decision for 'cherry-picking' and reweighing the evidence." *Frangione v. Comm'r of Soc. Sec.*, No. 6:20-cv-1298-GJK, 2021 WL 9569655, *5 (M.D. Fla. Sept. 24, 2021). While acknowledging the record "undoubtedly" contains evidence to support Plaintiff's disability claim, the Report and

3

Recommendation nevertheless concluded Plaintiff's emphasis on such evidence does not justify reversal. This is true. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [the plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion."). And given the ALJ addressed evidence favorable (and unfavorable) to Plaintiff throughout his opinion—which the Report and Recommendation outlines—it properly found that Plaintiff's "cherry-picking" argument was nothing more than an impermissible invitation to reweigh the evidence.[3] *Cf. Jackson v. Kijakazi*, No. 3:21-CV-242-SMD, 2022 WL 14519024, at *3-4 (M.D. Ala. Oct. 25, 2022). That the ALJ did not reference every piece of favorable evidence, without more, is not a ground for reversal. *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Plaintiff also argues the Report and Recommendation wrongfully concluded that his ability to conduct part-time work as a property manager, while not at the level of substantial gainful activity, suggests he is not as limited as alleged. The Court sees no issue here. "Courts have held that an

---

[3] The ALJ cited the "cherry-picked" evidence to show Plaintiff's attention and concentration is not as deficient as Dr. Daryl Di Dio opined. But the various limitations Plaintiff claims the ALJ ignored in this analysis have little to do with attention or concentration (except perhaps hyperactivity). So even if the Court could reweigh the evidence, Plaintiff's argument does little to shift the scales.

ALJ can use a claimant's part-time work during the relevant period, even if it does not rise to the level of substantial gainful activity ("SGA"), to find that the claimant's symptoms are not as limiting as alleged." *Jessica R. v. Comm'r, Soc. Sec. Admin.*, No. 2:19-CV-00206-JCF, 2021 WL 9666938, at *7 (N.D. Ga. Mar. 26, 2021) (collecting cases); *see also* 20 C.F.R. § 404.1571.

Plaintiff worked part-time as a property manager from December 2018 to at least August 2022—almost four years. And before that, he held several other part-time roles between 2015 and 2018. His ability to maintain his property-manager position for several years contradicts Dr. Daryl Di Dio's opinions that Plaintiff has an "extreme" limitation in his ability to interact with others; that he has "marked" limitations in other work-related functions; that he would require "enhanced" supervision in any employment; that his anger and rage combined with periods of depression and anxiety render him "unemployable"; and that he lacks motivation. *Cf. Jessica R.*, 2021 WL 9666938, at *8 ("The evidence of her other [part-time] work during the relevant period also supports a finding that she could interact with others better than she alleged."). And, notably, the ALJ did not conclude Plaintiff's part-time work *established* Plaintiff as capable of full-time work. *See Boisseau v. Comm'r of Soc. Sec.*, No. 6:20-CV-1436-DCI, 2021 WL 9583302, at *6 (M.D. Fla. Dec. 23, 2021).

Not done yet, Plaintiff points out that Dr. Daryl Di Dio's treatment notes never suggest Plaintiff cannot work part-time. In fact, Dr. Daryl Di Dio "urged" Plaintiff to find some part-time work. (Tr. 895). So in Plaintiff's view, Dr. Daryl Di Dio's opinions are not inconsistent with Plaintiff's part-time work. But Plaintiff's argument misses the point. It is the overall extreme limitations assigned by Dr. Daryl Di Dio that clash with Plaintiff's continued part-time employment, such as those noted above. *Cf. Boisseau*, 2021 WL 9583302, at *5 (rejecting the claimant's argument that "her ability to perform part-time work for brief periods of time is not inconsistent with her allegation that she cannot work full time"). So, for the reasons outlined here and in the Report and Recommendation, substantial evidence supports the ALJ's discount of Dr. Daryl Di Dio's opinions.

Up next is Dr. Adam Di Dio's opinions. Plaintiff treated with Dr. Adam Di Dio, a neurologist, largely for pain management. Still, he proffered opinions on Plaintiff's mental condition, primarily observing Plaintiff's anxiety, depression, and post-concussion disorder. He also concluded that Plaintiff's inability to maintain proper focus, concentration, and attention rendered him psychologically and cognitively incapable of working full time. (Tr. 835). Notably, these opinions mirror those of Dr. Daryl Di Dio, just less extensive.

The ALJ assigned Dr. Adam Di Dio's opinions little weight because they are inconsistent with treatment notes from other providers. (Tr. 965). The

6

Report and Recommendation concluded substantial evidence supported this determination. (Doc. 18 at 22-23). But Plaintiff feels the analysis on this point comes up short because it provided only a "broad and conclusory statement" without "articulat[ing] even a minimal level of analysis." (Doc. 19 at 4-5). This is untrue. Most notably, the Report and Recommendation referred to its earlier analysis discussing how Dr. Daryl Di Dio's opinions conflict with other treaters' opinions. Given Dr. Adam Di Dio's opinions are largely the same as Dr. Daryl Di Dio's, there was little need to rehash this same discussion.[4]

To be sure, substantial evidence supports the ALJ's decision. When making his determination, the ALJ cited several reports from other treaters between 2018 and 2020 that observe Plaintiff was attentive, active and alert, friendly, communicative, and only mildly depressed; he had an appropriate affect and congruent mood; he maintained logical thinking, appropriate thought content, intact cognitive functioning, and a fund of knowledge; he displayed cooperative behavior with no behavioral abnormalities; his post-concussion syndrome was stable; and Plaintiff even reported that he considers himself healthier than others his age. (Tr. 2289, 2387-90, 3223-24). The ALJ also found Dr. Adam Di Dio's opinions were not supported by his own

---

[4] Plaintiff employed a similar method in his briefing. When arguing the ALJ failed to properly weigh Dr. Adam Di Dio's opinions, Plaintiff simply stated, "[t]o avoid redundancy, Plaintiff would ask the Court to recall the errors discussed" for Dr. Daryl Di Dio. (Doc. 15 at 20). For that very reason—to avoid redundancy—Judge Mizell did the same.

7

treatment notes (Tr. 965), a finding the Report and Recommendation deemed supported and to which Plaintiff did not object. Thus, substantial evidence supports the ALJ's decision to assign Dr. Adam Di Dio's opinions little weight. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 541 (11th Cir. 2016) (substantial evidence supported the ALJ's decision to discount a treating physician's opinion when he pointed to inconsistencies between the opinion and the physician's treatment notes and inconsistencies between the opinion and the notes of other treating physicians).

Finally, Plaintiff challenges the Report and Recommendation's observation that Plaintiff's condition improved after his treatment with Dr. Adam Di Dio ceased, arguing that it is a post-hoc rationalization. (Doc. 19 at 4). But having already concluded the ALJ's rejection of Dr. Adam Di Dio's opinion is supported by substantial evidence, the Court need not address this point. *See King v. Colvin*, No. 3:14-CV-460-J-34JBT, 2015 WL 5755913, at *3 (M.D. Fla. Sept. 29, 2015) ("The Court agrees with the Magistrate Judge's conclusion" that the ALJ properly discounted a treater's opinion, so "the Court need not address the additional determination that other portions of the ALJ's decision also support the rejection of this opinion.").

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 18) is **ACCEPTED and ADOPTED**, and the conclusions are incorporated here.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 3, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record